**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MATTHEW IRVIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Civil Action No.  1:26-cv-01029 (UNA) |
| | ) |
| MARIA CANTWELL, | ) |
| | ) |
| Defendant. | ) |

**<u>MEMORANDUM OPINION</u>**

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis*, ECF No. 2.  The Court grants the *in forma pauperis* application and, for the reasons explained below, dismisses the case under 28 U.S.C. § 1915(e)(2)(B)(i), by which the Court is required to dismiss a case "at any time" it determines that the action is frivolous.

Relevant here, "[a] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Plaintiff, a resident of the District of Columbia, sues a United States Senator, *see* Compl. at 1–2, but fails to provide an address for the Defendant, in contravention of D.C. Local Civil Rule 5.1(C)(1).  The allegations themselves fare no better.  Plaintiff cites, without explanation, to the Anti-Terrorism Act, *see id*. at 3, and then states cryptically, "active stay away or restraining order

of the noted defendants, arrest of murders of deceased victims investigations of all statement of claim," *id.* at 4.  He demands $1 million in damages.  *See id.*

Plaintiff's allegations, to the extent they can even be understood, are frivolous, and the Court cannot exercise subject matter jurisdiction over a frivolous complaint.  *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins.").  Indeed, a court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08.  Plaintiff's allegations fall squarely into this category.

For all of these reasons, this matter is dismissed without prejudice.  An Order consistent with this Memorandum Opinion is issued separately.

DATE: June 1, 2026                            /s/ CHRISTOPHER R. COOPER
                                            United States District Judge